PROB12A1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

### REPORT OF OFFENDER NON-COMPLIANCE

| | |
|---|---|
| **Offender Name:** | Ayne Linnard YOUNG |
| **Docket Number:** | 2:06CR00471-01 |
| **Offender Address:** | Bakersfield, California |
| **Judicial Officer:** | Honorable Frank C. Damrell, Jr.<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 03/26/2007 |
| **Original Offense:** | 18 USC 471 - Counterfeiting U.S. Obligations<br>(CLASS C FELONY) |
| **Original Sentence:** | 33 months Bureau of Prisons; 3 years Supervised Release; $100 Special Assessment; Mandatory Testing |
| **Special Conditions:** | Search; Financial Disclosure; Drug/Alcohol Treatment and Testing; $25 per month co-pay; Computer Examination; No Scanner; DNA Collection |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 05/22/2009 |
| **Assistant U.S. Attorney:** | Ellen V. Endrizzi    **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | Rachelle Barbour    **Telephone:** (916) 498-5700 |

**Other Court Action:**

**05/19/2009**:  12B Petition to Modify submitted to the Court requesting the defendant reside and participate in a residential re-entry center for a period up to 180 days based upon the fact he was homeless. The Court approved on May 21, 2009.

**RE:     Ayne Linnard YOUNG**
        **Docket Number:   2:06CR00471-01**
        <u>**REPORT OF OFFENDER NON-COMPLIANCE**</u>

<u>**07/13/2009:**</u>            12B Petition to Modify submitted to the Court requesting the defendant reside and participate in a residential re-entry center for a period up to 180 days based upon the fact he was homeless.  The Court approved on July 13, 2009.

---

### NON-COMPLIANCE SUMMARY

The purpose of this report is to advise the Court of an alleged violation of the terms of supervision. The Probation Officer has developed a plan to dispose of the alleged non-compliance with action less than revocation, and the Court is requested to approve the plan to address the non-compliance.

**1.     UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

**Details of alleged non-compliance:**  On August 10, 2009, the defendant was allowed to travel to Citrus Heights, California, to care for his mother who was hospitalized and subsequently passed away on August 11, 2009.  Before his departure, the undersigned obtained a urine sample from the defendant as identified by barcode C01178565 which was submitted to Kroll Laboratory for analysis and returned on August 12, 2009, as negative for all controlled substances.  On August 12, 2009, at 6:57 p.m. and 7:20 p.m., voicemails were received from the defendant's on and off girlfriend, stating the defendant was using methamphetamine while in the Sacramento area.  The undersigned contacted the defendant via his cellular phone on August 13, 2009, and directed him to report to the U.S. Probation Office in Roseville to submit a urine sample.

According to Supervising United States Probation Officer Richard Ertola, the defendant reported and when asked, stated he had not used any illegal drugs.  While submitting the urine sample, SUSPO Ertola observed a rubber hose.  He directed the defendant to surrender his "kit" which the defendant complied and detached a homemade kit from his underwear consisting of a rubber hose, clamping pin and a balloon which he stated was filled with the urine of his girlfriend's four-year-old daughter. The kit was confiscated.

**RE:   Ayne Linnard YOUNG**
      **Docket Number:   2:06CR00471-01**
      **REPORT OF OFFENDER NON-COMPLIANCE**

When questioned by SUSPO Ertola, the defendant stated he smoked methamphetamine with his girlfriend on August 12, 2009, in violation of a standard condition of supervision that he not use any controlled substance. The defendant was instructed to call the undersigned on August 14, 2009, for further instructions. An unadulterated urine sample was also obtained identified by barcode C01017203 and was submitted to Kroll Laboratory; however, because it was not sealed properly, it was not analyzed.

**United States Probation Officer Plan/Justification:** On August 14, 2009, the defendant called the undersigned and when questioned stated, "I made the choice to get high and I have to accept responsibility. I thought it'd be alright and it wasn't. I don't know what the consequences will be but I'll face them."

The defendant responded to the undersigned's office on August 18, 2009, at which time a urine sample was obtained as identified by barcode C01178576 which was submitted to Kroll Laboratory and returned on August 20, 2009, negative for all controlled substances. When questioned, he admitted he did not think he would "get caught" when he used the methamphetamine. He refused to divulge who or where it was obtained, but admitted he smoked a few "hits" through a pipe with his girlfriend. It was his idea to collect her daughter's urine, and did so with his girlfriend's consent and help, by placing a plastic bag in the toilet which the child urinated into. The defendant was instructed to have absolutely no further contact with his girlfriend and doing so would be a violation of standard condition #9, that he not associate with any person convicted of a felony (she has a prior felony conviction for possession of methamphetamine and her felony probation recently expired), as well as standard condition #3, that he follow instructions of the probation officer.

The defendant advised he has more matters to attend to following his mother's death, including claiming her cremated remains and a copy of the death certificate, in Sacramento County. His mother's death on August 11, 2009, was confirmed with the Coroner in Sacramento County. The defendant was advised he will be placed back in the residential re-entry center for a period of 10 days on absolute lock-down and if he is negative for controlled substances during that time, he will be allowed to travel to Sacramento one last time on August 28, 2009, to attend to as many matters as possible. Upon return to Bakersfield, he will begin additional drug testing of four times monthly (he

RE:   Ayne Linnard YOUNG
      Docket Number:   2:06CR00471-01
      <u>REPORT OF OFFENDER NON-COMPLIANCE</u>

will be drug tested weekly at the residential re-entry center also), as well as twice monthly counseling through the contract provider, to which he voluntarily agreed.  The defendant stated he has "too much to lose" to not comply with the conditions of his supervision.

Based upon the measures taken above, it is recommended the Court take no action at this time.  The defendant was advised that any non-compliance will result in a Petition and request that negative action be taken which he understands.

                              Respectfully submitted,

                              /s/ Julie R. Martin

                              **JULIE R. MARTIN**
                              **United States Probation Officer**
                              Telephone:  (661) 861-4392

**DATED:**        August 25, 2009
                  Bakersfield, California
                  JRM:dk

                         /s/ Thomas A. Burgess
**REVIEWED BY:**  _____
                  **THOMAS A. BURGESS**
                  **Supervising United States Probation Officer**

RE:     Ayne Linnard YOUNG
        Docket Number:   2:06CR00471-01
        **REPORT OF OFFENDER NON-COMPLIANCE**

**THE COURT ORDERS:**

( X )   The Court Approves Probation Officer's Plan, and Orders No Further Action Be Taken At This Time.

(   )   Submit a Request for Modifying the Conditions or Term of Supervision.

(   )   Submit a Request for Warrant or Summons.

(   )   Other:

**August 25, 2009**
**Date**                                                          **Signature of Judicial Officer**

cc:     United States Probation
        Ellen V. Endrizzi, Assistant United States Attorney
        Rachelle Barbour, Assistant Federal Defender